IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| CHRISTIAN DIOR COUTURE SA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 22-2182-HLT-ADM |
| | ) | |
| DIOR RESTAURANT, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter comes before the court on David Barnard and Erick Orantes's (together, "movants") Amended Motion to Withdraw as Counsel for Dior Restaurant, LLC. (ECF 25.) By this motion, movants ask the court to allow them to withdraw as counsel for defendant Dior Restaurant, LLC, who would be left without counsel.

D. Kan. Rule 83.5.5(a) governs the withdrawal of an attorney when the client will be left without counsel. The court has reviewed the record and finds that movants have met the rule's requirements to withdraw. However, because Dior Restaurant, LLC is a limited liability company, it may not proceed in this court without counsel. *See Am. Contractors Indem. v. Boeding*, 490 F. App'x. 141, 145 (10th Cir. 2012) (ruling non-attorney could not represent a limited liability company on appeal); *Roscoe v. United States*, 134 F. App'x. 226, 227 (10th Cir. 2005) ("As they did in the district court, appellants contend that the LLC can proceed pro se in this appeal. But it cannot."); *Eberth v. Corey Galyean Trucking, LLC*, No. 12-2289, 2013 WL 5255636, at *3 (D. Kan. Sept. 17, 2013) (holding that non-attorney could not represent a limited liability company).

Accordingly, the court will grant the motion upon the entry of appearance by substitute counsel for Dior Restaurant, LLC.[1]

**IT IS THEREFORE ORDERED** that Movants' Amended Motion to Withdraw as Counsel for Dior Restaurant, LLC (ECF 25) will be granted upon the entry of substitute counsel for Dior Restaurant, LLC.

**IT IS FURTHER ORDERED** that Dior Restaurant, LLC engage replacement counsel to file an entry of appearance no later than **November 21, 2022**.  If Dior Restaurant, LLC fails to obtain counsel to represent it by that date (and if the parties have not filed a stipulation of dismissal based on their reported settlement), the court will issue an order to show cause why the undersigned should not recommend that default judgment be entered against it.

**IT IS FURTHER ORDERED** that movants must promptly serve this Order on Dior Restaurant, LLC and file a certificate of service.

Dated October 24, 2022, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge

---

[1] The motion states that plaintiff opposes it, but the court can find no reason to deny it under the local rules.